UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT MAHIL,<br><br>                              Plaintiff,<br><br>v.<br><br>OPTION CARE ENTERPRISES, INC.,<br><br>                              Defendant. | Case No.:  20cv1559-BEN-MDD<br><br>**ORDER:**<br>**(1) DENYING DEFENDANT'S MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF; AND**<br>**(2) AMENDING THE SCHEDULING ORDER**<br><br>[ECF No. 17] |

On April 9, 2021, Option Care Enterprises, Inc. ("Defendant") moved to compel the independent mental examination ("IME") of Harjit Mahil ("Plaintiff") by Dr. Francine Kulick pursuant to Federal Rule of Civil Procedure 35(a).  (ECF No. 17).  Plaintiff opposes, arguing that Defendant "is belatedly trying to backdoor a retained expert that it should have designated in its expert disclosures under the guise of a 'rebuttal expert.'"  (*Id*. at 7).  Plaintiff also contends that her mental health condition is not in controversy and good cause does not exist to warrant an IME.  (*Id*. at 8).  Accordingly,

there are two issues before the Court: (1) whether an IME should be compelled; and (2) whether Dr. Kulick is a proper rebuttal expert, and if not, whether her opinion should be excluded.  For the reasons stated herein, the Court **DENIES** Defendant's motion to compel an IME, finds that Dr. Kulick is not a proper rebuttal expert, and *sua sponte* amends the Scheduling Order to permit Dr. Kulick to be retained as an initial expert.

## I.    RELEVANT BACKGROUND

On August 12, 2020, Plaintiff filed a complaint alleging that her employer, Defendant, "unfairly compete[s]" with its competitors by engaging in "systematic wage and hour violations and operates with minimal staff . . . who are pushed to work significant amounts of overtime, without duty-free meal and rest breaks, and to remain on call after hours on weekends."  (ECF No. 1 ¶1).  Plaintiff also alleges that Defendant "has a practice of terminating employees who require time off related to their medical conditions and disabilities."  (*Id.*).  Specifically, Plaintiff alleges that as a pharmacist she was "forced to work to the brink of exhaustion and then terminated after she complained of wage and hour violations and required medical leave to treat the generalized anxiety disorder she suffered from, which was aggravated as a result of [Defendant's] unlawful demands."  (*Id.*).  As a result of Defendant's actions, "Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish . . . ."  (*Id.* ¶ 68).  She seeks monetary damages for emotional distress.  (*Id.* ¶ A).

On November 25, 2020, Plaintiff served her initial disclosures.  (ECF No. 17-2, Exhibit F).  She disclosed five treating physicians—Dr. Kaylan Graham, Dr. Preeti Mathur, April L'Heureux, LMFT, Dr. Brandon Niemeier, and Dr. Cara Niemeier—as persons likely to have discoverable information.  (*Id.*).

On December 3, 2020, the Court issued a Scheduling Order.  (ECF No. 12).  All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) were to be served on all parties by February 26, 2021.  (*Id.* at 2).  Any contradictory or rebuttal disclosures within the meaning of Federal Rule of Civil Procedure 26(a)(2)(D)(ii) were to be disclosed by March 30, 2021.  (*Id.*).

On February 11, 2021, Plaintiff testified at her deposition that she "temporarily suffered from severe emotional distress" from January 10, 2020 to November 2020.  (ECF No. 17 at 11).  "After months of intensive treatment and group therapy, [Plaintiff's] mental condition improved significantly, and she voluntarily ended her treatment in November 2020."  (*Id.*).  Accordingly, Plaintiff "is no longer suffering from extreme emotional distress."  (*Id.).* Plaintiff contends that she still suffers from "continuing 'garden variety' emotional distress."  (*Id.* at 8).

On February 26, 2021, Plaintiff timely disclosed seven of her treating physicians as non-retained experts—Dr. Kaylan Graham, Dr. Preeti Mathur, April L'Heureux, LMFT, Joyce Prince, LMFT, Dr. Brandon Niemeier, Dr. Cara Niemeier, and Tatiana Baroni—that will "testify about Plaintiff's mental disability, emotional distress, and the treatment she received for her mental disability and emotional distress as a result of the claims alleged in this action."  (ECF No. 17-3).  These non-retained experts will not provide a written report.  (ECF No. 17 at 20-21).  Defendant did not serve any expert disclosures on Plaintiff.  (*See* ECF No. 17-2, Exhibit H).  On March 30, 2021, Defendant designated Dr. Kulick as a rebuttal expert witness to testify on Plaintiff's alleged medical and mental health condition, claims of emotional distress, and the treatment, diagnoses, and conclusions regarding Plaintiff by Plaintiff's non-retained experts.  (ECF No. 17-3, Exhibit D).

By April 19, 2021, Defendant will have deposed Plaintiff for two days.

1   (ECF No. 17 at 25).  Plaintiff has also "provided over 500 pages of her
2   confidential medical records, with more forthcoming in response to
3   [Defendant's] subpoenas." (*Id.*).  Also, Defendant plans to notice the
4   depositions of Plaintiff's treating doctors. (*Id.*).

## II.   <u>INDEPENDENT MENTAL EXAMINATION</u>

5           The Court first considers whether Plaintiff should be compelled to
6   attend an IME conducted by Dr. Kulick.  As an initial matter, Plaintiff no
7   longer alleges that she is suffering severe emotional distress. (*Id.* at 8).
8   Plaintiff contends that she suffered severe emotional distress from January
9   10, 2020 to November 2020. (ECF No. 17-2, Exhibit G).  Thereafter, Plaintiff
10  claims she has only suffered "garden variety" emotional distress. (ECF No.
11  17 at 8).  This distinction is important because courts typically do not order
12  IMEs when plaintiffs seek "garden variety" emotional distress damages.
13  *Gavin v. Hilton Worldwide Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013).  As
14  such, the Court only considers whether Defendant is entitled to an IME
15  regarding Plaintiff's past severe emotional distress claims.

### A.   **Legal Standard**

17          Federal Rule of Civil Procedure 35(a) provides, in pertinent part:

> The court where the action is pending may order a party whose
> mental . . . condition . . . is in controversy to submit to a . . . mental
> examination by a suitably licensed or certified examiner.

21  Fed. R. Civ. P. 35(a)(1).  The order "may be made only on motion for good
22  cause and on notice to all parties and the person to be examined."  Fed. R.
23  Civ. P. 35(a)(2)(A).

24          Under this rule, a party may be entitled to conduct a mental
25  examination of another party if the movant demonstrates that: (1) the
26  plaintiff has placed her mental condition in controversy; and (2) good cause
27  exists for the examination.  *See, e.g.*, *Schlagenhauf v. Holder*, 379 U.S. 104,

20cv1559-BEN-MDD

116-17 (1964); *Turner v. Imperial Stores*, 161 F.R.D. 89, 92 (S.D. Cal. 1995). However, IMEs are always within the Court's discretion.  *See* Fed. R. Civ. P. 35(a) (stating that the court *may* order an IME).

## B.   Discussion

The initial inquiry in this case is whether Plaintiff has placed her mental condition sufficiently in controversy.  A plaintiff puts her mental state in controversy if one or more of the following aggravating factors are present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).  *Turner*, 161 F.R.D. at 95.

The Court finds that two factors are clearly present.  First, Plaintiff alleges a specific mental injury—generalized anxiety disorder.  (ECF No. 1 ¶ 1).  Second, Plaintiff claims severe emotional distress from January 10, 2020 to November 2020.  (ECF No. 17-2, Exhibit G).  Accordingly, Plaintiff's mental condition is "in controversy" within the meaning of Rule 35(a).

Next, the Court must consider whether good cause exists to compel an IME.  "To establish 'good cause' exists for an IME, the moving party generally must offer specific facts justifying the discovery."  *Gavin*, 291 F.R.D. at 165. Courts consider: (1) the possibility of obtaining the desired information by other means; (2) whether the plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the materials are relevant; and (4) whether the plaintiff is claiming ongoing emotional distress."  *Id.*

Defendant explains that Dr. Kulick will spend six hours conducting "a clinical interview consisting of a mental status examination, an assessment

of current functioning, delineation of Plaintiff's allegations, and an exploration of concurrent and past history.  Dr. Kulick will also administer the MMPI-II psychological test to Plaintiff."  (ECF No. 17 at 10).  The MMP-II psychological test measures one's psychological functioning.  (ECF No. 17-1, hereinafter "Kulick Decl." ¶ 5).  Defendant avers that it cannot obtain the information, opinions, and conclusions of an expert witness without an IME.  (ECF No. 17 at 16).  The Court disagrees.  Plaintiff produced voluminous medical records regarding her past mental state and Defendant intends to depose Plaintiff's treating physicians.  (ECF No. 17 at 25) (stating that Plaintiff produced "over 500 pages of her confidential medical records, with more forthcoming").  Dr. Kulick may review those records and offer an opinion based on her review.  As such, Defendant already has access to the desired information.  The Court also finds that an IME would not be relevant to Plaintiff's past emotional distress claims as the IME will focus on Plaintiff's current mental state and only discuss Plaintiff's past medical history.

With respect to the second factor, Defendant argues that absent an IME it cannot rebut the testimony of Plaintiff's experts.  (ECF No. 17 at 16).  The Court also disagrees with this argument.  In addition to an expert report by Dr. Kulick, Defendant may cross-examine or depose each of Plaintiff's treating physicians.

Finally, Plaintiff is claiming only "garden variety" ongoing emotional distress, which does not necessitate an independent mental examination.  S*ee Gavin*, 291 F.R.D. at 164.  For these reasons, the Court finds that good cause does not exist to compel an IME.

## C.   Conclusion

After consideration of the underlying facts and circumstances of this

case, the Court declines to compel an IME.

### III.   <u>REBUTTAL EXPERT</u>

Plaintiff argues that Dr. Kulick was improperly designated as a rebuttal expert. (ECF No. 17 at 19-22). Plaintiff contends that Dr. Kulick is an untimely disclosed initial expert. (*Id.*). Defendant counters that Dr. Kulick was retained to rebut the seven non-retained experts disclosed by Plaintiff in her initial expert disclosures. (*Id.* at 17-18). The Court recognizes that there is confusion regarding the role treating physicians play as experts. If Plaintiff's non-retained experts are experts subject to Federal Rule of Civil Procedure 26(a)(2)(b), then Dr. Kulick is a proper rebuttal expert. If not, Dr. Kulick was untimely disclosed as an initial expert.

The Ninth Circuit has held that a treating physician, usually a "non-retained" expert, becomes a "retained" expert subject to Rule 26(a)(2)(b) requirements when his or her testimony goes beyond "opinions formed during the course of treatment" by reviewing external information provided by the plaintiff's attorney. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 825-26 (9th Cir. 2011). In other words, the non-retained experts may testify as percipient witnesses to the treatment rendered to Plaintiff and may only offer medical opinions formed during the course of her treatment. These non-retained experts may not proffer opinions as to the cause of Plaintiff's mental state. Plaintiff's initial expert disclosures explain that these non-retained experts will "testify about Plaintiff's mental disability, emotional distress, and the treatment she received for her mental disability and emotional distress as a result of the claims alleged in this action." (ECF No. 17-3, Exhibit C). The testimony will not go beyond opinions formed during the course of Plaintiff's treatment and will not be based on external information. Accordingly, Plaintiff's non-retained experts are not subject to

20cv1559-BEN-MDD

Rule 26(a)(2)(b) and there is no expert opinion report for Dr. Kulick to rebut. Consequently, she is an improper rebuttal expert witness.

The Court finds that it would be unduly prejudicial to preclude Defendant from having a proper expert evaluate and testify regarding Plaintiff's medical history in light of the confusion regarding the role of treating physicians as experts. Assuming Defendant still wishes to retain Dr. Kulick as an expert without an IME, the Court will *sua sponte* amend the scheduling order to allow Defendant to disclose Dr. Kulick as an initial expert.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **DENIES** Defendant's motion to compel an IME.[1] **IT IS FURTHER ORDERED** that the Scheduling Order is **AMENDED** as follows:

1.     The discovery deadline is extended to **<u>July 28, 2021</u>** for the sole purpose of obtaining expert depositions.

2.     Defendant's expert disclosure regarding Dr. Kulick required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **<u>May 28, 2021</u>**.  Any contradictory or rebuttal disclosures by Plaintiff within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **<u>June 28, 2021</u>**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B).  If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(C).

---

[1] Defendant requests Plaintiff be precluded from presenting expert testimony to support her claims for emotional distress without any meaningful argument or citation to legal authority.  (ECF No. 17 at 19).  Accordingly, the Court declines to address this argument.

3.     All other pretrial motions must be filed by **August 30, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

4.     When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

5.     A Mandatory Settlement Conference shall be conducted on **August 9, 2021** at **9:30 a.m.** via Videoconference with **Magistrate Judge Mitchell D. Dembin**.  Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **August 2, 2021**.  The Court will use its official Zoom video conferencing account to hold the Conference.  On or before **August 2, 2021** counsel for each party must email to the Court at efile_Dembin@casd.uscourts.gov the name and title of each participant and an e-mail address for each participant to receive the Zoom videoconference invitation.  Prior to the Conference, the Court will email each participant an invitation to join a Zoom conference.  Upon joint request of the parties, the Court will convert the Mandatory Settlement Conference to a telephonic conference.

6.     For bench trials before the Honorable Roger T. Benitez, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **December 27, 2021**. In jury trial cases before the Honorable Roger T. Benitez, neither party,

unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

7.     Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **December 27, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

8.     Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **January 3, 2022**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **January 10, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

10.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 17, 2022**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

11.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **January 24, 2022** at **10:30 a.m**.

All other guidelines remain as previously set.  (ECF No. 12).

**IT IS SO ORDERED.**

Dated:   April 15, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge

11

20cv1559-BEN-MDD