UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARJIT MAHIL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OPTION CARE ENTERPRISES, INC.,<br><br>　　　　　　　　Defendant. | Case No.:  20cv1559-BEN-MDD<br><br>**ORDER DENYING THIRD PARTY'S MOTION TO QUASH**<br><br>[ECF No. 41] |

　　　　Plaintiff's non-retained expert, Licensed Clinical Social Worker, Tatiana Baroni, LCSW ("Ms. Baroni"), moves to quash or modify Option Care Enterprises, Inc.'s ("Defendant") subpoena to testify at a deposition on the grounds that it requires disclosure of protected matter.[1]  (ECF No. 41). Defendant opposes, arguing that Ms. Baroni has not shown that her deposition testimony is protected matter.  (*Id.*).  For the reasons stated herein, the Court **DENIES** Ms. Baroni's motion to quash.

---

[1] Defendant and Ms. Baroni refer to this as a "motion to compel deposition of third party." (ECF No. 41).  Because Ms. Baroni objects to the deposition subpoena and informed Defendant she will not testify absent a court order, the Court construes this as a motion to quash.

1

## I.  RELEVANT BACKGROUND

On February 26, 2021, Plaintiff disclosed Ms. Baroni as one of her non-retained experts that will "testify about Plaintiff's mental disability, emotional distress, and the treatment she received for her mental disability and emotional distress as a result of the claims alleged in this action." (ECF No. 17-3). On June 21, 2021, this Court found that Plaintiff waived her psychotherapist-patient privilege and right to privacy regarding her medical records relating to, in part, Ms. Baroni's treatments and impressions of Plaintiff. (ECF No. 30). On August 4, 2021, Plaintiff signed an authorization and waiver of her psychotherapist-patient privilege requested by Ms. Baroni's attorney to permit Ms. Baroni to be deposed. (ECF No. 34 at 4).

On November 2, 2021, Defendant served a deposition subpoena on Ms. Baroni. (ECF No. 41-1 at 39-41). The next day, Ms. Baroni objected and stated that she would only provide deposition testimony in this matter pursuant to a Court order. (ECF No. 41-1 at 33-44). This timely motion followed.

## II.  ANALYSIS

Federal Rule of Civil Procedure 45 requires that, on timely motion, the Court quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

Ms. Baroni objects to Defendant's deposition subpoena "on the grounds that she has a good faith concern based on her clinical judgment that any requested testimony could cause substantial harm to her patient, [Plaintiff], and that such harm could have an adverse impact on Plaintiff's clinical course and well-being." (ECF No. 41-1 at 43). Ms. Baroni also explains that her code of ethics as set forth by the National Association of

Social Workers ("NASW") and Clinical Social Work Association ("CSWA") require her to "promote and preserve the dignity and well-being of all of her patients, including with respect to the core principle to 'do no harm.'". (*Id.* at 43-44). Specifically, Ms. Baroni cites to Section 1.07(j) of the NASW code of ethics, which provides:

> Social workers should protect the confidentiality of clients during legal proceedings to the extent permitted by law. When a court or law or other legally authorized body orders social workers to disclose confidential or privileged information *without a client's consent* and such disclosure could cause harm to the client, social workers should request that the court withdraw the order or limit the order as narrowly as possible or maintain the records under seal, unavailable for public inspection.

(ECF No. 41 at 10 n.1; ECF No. 41-2 at 34-35) (emphasis added).

Ms. Baroni concedes that she does have Plaintiff's consent to disclose confidential or privileged information. (ECF No. 41-2 at 34-35). Nonetheless, she "does not believe Plaintiff is able to fully appreciate the potential harm that could be caused to her clinical course and well-being by [her] requested testimony in light of Plaintiff's diagnosed mental health conditions." (ECF No. 41-1 at 44). Ms. Baroni cites no relevant legal authority to support her position that she cannot testify. (*See generally*, ECF No. 41). Instead, she refers to the psychotherapist-patient privilege and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") regarding production of medical records. (*Id.* at 17-18). Ms. Baroni argues that even though Plaintiff waived her psychotherapist-patient privilege and HIPAA does not apply to deposition testimony, the Court should find the information sought at her deposition is protected pursuant to those authorities. She also claims that her deposition testimony is unnecessary because all the relevant information is contained in the already produced

medical records.  The Court disagrees.

Plaintiff consents to Ms. Baroni's disclosure of confidential or privileged information, thereby negating Ms. Baroni's ethical and privilege related concerns.  (*See* ECF No. 41-1 at 33).  Also, Plaintiff specifically identified Ms. Baroni as a non-retained expert who will testify about her mental disability, emotional distress, and the treatment she provides to Plaintiff.  (ECF No. 17-3).  The Court also found the psychotherapist-patient privilege is waived, Plaintiff has no right to privacy in her medical treatment at issue here, and that her mental condition and treatment are relevant to this action.  (ECF No. 30).  Based on this information, the Court cannot find any legitimate, legally supported basis to quash Ms. Baroni's subpoena.

## IV.    CONCLUSION

Accordingly, the Court **DENIES** Ms. Baroni's motion to quash or modify the subpoena.  **IT IS ORDERED** that the discovery deadline is extended to **January 14, 2022** for the sole purpose of deposing Plaintiff's expert Tatiana Baroni.  All other dates and guidelines remain as previously set.  (*See* ECF No. 32).

**IT IS SO ORDERED**.

Dated:   November 24, 2021

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge